UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALISHER SMANOV, : | |
|     Petitioner : | |
| : | |
| v. : | No. 2:26-cv-0211 |
| : | |
| MICHAEL ROSE, *Field Office Director* : | |
| *of Enforcement and Removal Operations,* : | |
| *Philadelphia Field Office, Immigration* : | |
| *and Customs Enforcement, et al.*, : | |
|     Respondents : | |

**O R D E R**

**AND NOW,** this 2nd day of February, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 4;[2] Petitioner's Traverse, ECF No. 5; the parties' Stipulation, ECF No. 8;[3]

---

[1] Petitioner Alisher Smanov, a citizen of Kazakhstan, entered the United States without inspection on January 30, 2023, around the United States-Mexico border. *See* Pet. ¶¶ 2, 17, ECF No. 1. Thereafter, he was apprehended by Customs and Border Patrol ("CBP"), charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) ("Aliens present without admission or parole") for having entered the United States without admission or inspection, released on his own recognizance, issued a Notice to Appear, and placed in removal proceedings. *Id.* ¶ 3. He filed an application for asylum, which is pending. *Id.* ¶ 4. On or about January 12, 2026, Immigration and Customs Enforcement ("ICE") entered Smanov's home without a warrant and detained him. *Id.* He is being held without bond having been set. *Id.* ¶ 17. Smanov filed the instant petition on January 13, 2026. He alleges that his detention violates: (I) the Immigration and Nationality Act, (II) bond regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, (III) due process, and (IV) Fourth Amendment protections against unreasonable seizures. *See id.* ¶¶ 52-69.

[2] On January 22, 2026, the Government filed a Response, arguing that the Court should deny habeas relief because: (1) this Court lacks jurisdiction to intervene in Smanov's removal proceedings; (2) Smanov is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (3) Smanov's detention does not violate Constitutional due process requirements. *See* ECF No. 4.

[3] In response to this Court's Order dated January 27, 2026, directing the parties to file supplemental briefs addressing whether Petitioner is subject to the mandatory detention provisions of 8 U.S.C. § 1226(c) ("Detention of criminal aliens"), *see* ECF No. 7, the parties filed a Stipulation agreeing that "Petitioner has not been convicted of a crime involving moral turpitude, nor has Petitioner admitted to having committed acts which constitute the essential elements of a crime involving moral turpitude" under 8 U.S.C. § 1182(a)(2)(A)(i)(I), and that "Petitioner is not subject to any of the grounds for mandatory detention under 8 U.S.C. § 1226(c)," *see* ECF No. 8.

and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa. January 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties herein;[4] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[5] as follows:

1. Petitioner Alisher Smanov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2. **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3. If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4] These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions are only two of dozens of cases decided in this District. In a manner consistent with other recent decisions in this District, this Court found that it has jurisdiction pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip jurisdiction, that exhaustion is not required, and that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections.

[5] Smanov's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, Fifth Amendment due process, or the Fourth Amendment. Because the petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.