**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|   |   |   |
|---|---|---|
| ALISHER SMANOV, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2:26-cv-00211 |
| | : | |
| MICHAEL ROSE, *Field Office Director* | : | |
| *of Enforcement and Removal Operations,* | : | |
| *Philadelphia Field Office, Immigration* | : | |
| *and Customs Enforcement, et al.,* | : | |
| Respondents | : | |

**O R D E R**

**AND NOW,** this 3rd day of March, 2026, upon consideration of the Order dated February 2, 2026, granting in part the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, finding that Petitioner Alisher Smanov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a), ordering the Government to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within seven (7) days, and directing that if a bond hearing was not timely held before an Immigration Judge that Petitioner be released from ICE custody, *see* ECF No. 5; of Petitioner's Status Report filed February 9, 2026, ECF No. 10;[1] and of the

---

[1]    The status report states that a bond hearing was timely conducted on February 7, 2026. *See* Report 1, ECF No. 10.  However, Petitioner asserts that the hearing did not comply with constitutional or statutory requirements, and requests that this Court order his immediate release or, in the alternative, that this Court hold a new bond hearing that comports with due process. *Id.*  Petitioner suggests that because the hearing lasted only fifteen (15) minutes, the Immigration Judge did not have time to review all the filings and "issued a cursory denial finding both danger and flight risk, without any meaningful analysis of the *Guerra* factors or individualized assessment of Petitioner's circumstances." *Id.* at 2 (citing *Garcia v. Hyde*, No. 25-cv-585-JJM-PAS, 2025 WL 3466312, at *1 (D.R.I. Dec. 3, 2025)).  He argues that the lack of analysis violated due process. *Id.* at 3-4.  Petitioner further complains that the Immigration

1
030226

Government's Response, ECF No. 13;[2] **IT IS ORDERED THAT**:

Petitioner's request for relief from this Court, *see* ECF No. 10, is **DENIED**.[3]

BY THE COURT:

/s/ *Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

Judge's stated reasons were not placed in the written order and that he, a civil immigration detainee, is being held in a criminal penal institution, U.S. Penitentiary Lewisburg. *Id.* at 2, 6.

[2] The Government opposes the request on two bases: (1) Petitioner's arguments regarding the outcome of the bond hearing are brought properly to the Board of Immigration Appeals ("BIA"), and (2) Petitioner has not shown that his bond hearing was fundamentally unfair in violation of due process requirements. *See* Resp., ECF No. 13. Citing to the transcript of the bond hearing, the Government asserts that due process was afforded. *See id.* at 4-5.

[3] Petitioner's challenge is essentially just a disagreement with the Immigration Judge's decision to deny bond, which is not reviewable by this Court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section [detention of aliens] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *Davis v. Warden*, No. 4:22-CV-0020, 2022 U.S. Dist. LEXIS 172287, at *11-12 (M.D. Pa. Aug. 18, 2022) (denying the habeas petitioner's request for a bond hearing because "while Petitioner is unquestionably disappointed with the Immigration Judge's decision to deny him bond, the proper remedy at this stage would be to ask for a bond redetermination hearing" (citing 8 U.S.C. § 1226(e)). Petitioner's attempt to cast his disagreement as a due process violation is without merit for the reasons discussed in the Government's opposition brief. *See also Davis*, 2022 U.S. Dist. LEXIS 172287, at *12 (rejecting the petitioner's attempt "to use his procedural due process claim [to] re-state his arguments for a bond hearing [as] he has already received a bond hearing).